Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| María Luisa Nelson Rodríguez<br><br>Apelante<br><br>vs.<br><br>Tiber Health Public Benefit Corp. h/n/c Ponce Health Sciences University Ponce Research Institute & Fulano de Tal<br><br>Apelados | KLAN202500331 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.:<br>PO2023CV00799<br><br>Sobre:<br><br>Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece la señora María Luisa Nelson Rodríguez (en lo sucesivo, Sra. Nelson Rodríguez o apelante) y nos solicita que revoquemos la "Sentencia" emitida y notificada el 21 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la "Moción Solicitando se dicte Sentencia por la Vía Sumaria" presentada por la parte demandada, aquí apelada, y, en consecuencia, desestimó con perjuicio la demanda instada por la apelante.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

Número Identificador

SEN2025 _____

# I.

El 21 de marzo de 2023, la Sra. Nelson Rodríguez presentó una "Demanda" contra Tiber Health Public Benefit Corporation h/n/c Ponce Health Sciences University, Ponce Research Institute (en lo sucesivo, PHSU o apelada). Adujo que se desempeñaba como profesora en PHSU, hasta que fue despedida el 1 de febrero de 2022 de forma ilegal e injustificada. A raíz de ello, reclamó una indemnización por mesada ascendente a $14,751.13, así como los beneficios marginales que no le fueron liquidados al momento de su despido, al igual que el pago de costas, gastos y honorarios de abogado.

Luego de varios trámites procesales, el 5 de abril de 2023, la apelada presentó una "Moción Solicitando la Desestimación de la Querella". Alegó que, la reclamación incoada por la Sra. Nelson Rodríguez era improcedente toda vez que la apelante firmó un contrato de empleo a tiempo determinado, desde el 22 de febrero de 2022 hasta el 30 de junio de 2024, y que dicho contrato contenía una cláusula de periodo probatorio de 360 días, la cual facultaba a PHSU a despedir a la Sra. Nelson Rodríguez por cualquier motivo sin previo aviso ni causa.[1]

El 23 de abril de 2025, la Sra. Nelson Rodríguez replicó con su "Urgente Presentación de Oposición a Desestimación & Solicitud para la Enmienda a la Querella". Sostuvo que, las disposiciones contractuales sobre el periodo probatorio eran inaplicables, dado que las partes habían mantenido una relación contractual previa, basada en los mismos servicios que la Sra. Nelson Rodríguez ofreció durante la vigencia del contrato bajo escrutinio.

---

[1] Anejo del recurso de apelación, pág. 48. El contrato de empleo pactado entre las partes, titulado "Faculty Regular Term Contract", contiene la siguiente cláusula: "Probation Period – It is understood and agreed that the first 360 days of employment shall constitute a probationary period during which period the Employer may, in its absolute discretion, terminate the Employee's employment, for any reason without notice or cause".

A su vez, solicitó la enmienda de la demanda, en vista de que el caso era uno de incumplimiento de contrato y, por tanto, no eran de aplicación las disposiciones de la "Ley Sobre Despidos Injustificados", 29 LPRA sec. 185a *et seq.* Así las cosas, el TPI declaró No Ha Lugar la moción de desestimación y Ha Lugar el petitorio de enmendar las alegaciones, mediante "Resolución" emitida el 1 de junio de 2023.

Tras numerosos incidentes procesales, la PHSU presentó el 25 de noviembre de 2024 una "Moción Solicitando se dicte Sentencia por la Vía Sumaria". Esgrimió que, el récord judicial demuestra que las partes pactaron clara y expresamente que el contrato de empleo a término era contingente a una evaluación aceptable basada en el desempeño de la Sra. Nelson Rodríguez, y que PHSU logró presentar prueba fehaciente demostrando que la apelante incumplió con los procedimientos establecidos por su patrono. Añadió que, los primeros 360 días del empleo constituirían un periodo probatorio, durante el cual PHSU podía terminar el empleo de la apelante por cualquier razón y sin obligación a notificación. Puntualizó que, por todo lo anterior, el expediente estaba huérfano de hechos materiales que permitieran concluir que el despido de la Sra. Nelson Rodríguez fue uno justificado.

La Sra. Nelson Rodríguez presentó el 31 de diciembre de 2024 su "Oposición a Sentencia Sumaria & Solicitud Anticipada para que no sea Considerada una Réplica a la Presente Oposición". En síntesis, argumentó que, la ley no contempla múltiples períodos probatorios para un solo empleado con relación al mismo puesto o funciones, y que peor aún, las aseveraciones sobre su mal desempeño son infundadas, pues recibió una calificación de "excelente" en diciembre de 2022, periodo que se le atribuyen las infracciones a sus deberes como profesora. La Sra. Nelson

Rodríguez, a su vez, denotó que la PHSU infringió el periodo de notificación de 15 días laborables previo a la resolución del negocio jurídico que requiere el propio contrato, ello, porque la carta de despido fue fechada el 18 de enero de 2022, pero advirtió que entraría en efecto el 1 de febrero de 2022. Es el criterio de la apelante que, todo lo anterior muestra la existencia de hechos materiales en controversia que impiden la solución sumaria del pleito.

El 26 de marzo de 2025, el TPI emitió una "Sentencia" en la cual declaró Ha Lugar la moción de sentencia sumaria de PHSU. Dictaminó que la apelada logró evidenciar los reiterados incumplimientos de la Sra. Nelson Rodríguez con los términos del contrato, incluyendo la entrega de rúbricas incompletas y carentes de firmas de los estudiantes, al igual que numerosas quejas estudiantiles contra la Sra. Nelson Rodríguez, y la celebración de varias reuniones entre la apelante y la administración de PHSU para atender los referidos señalamientos. El foro primario concluyó, además, que de la prueba presentada se desprende que entre las partes se pactó un contrato con una cláusula de periodo probatorio, la cual es válida en nuestra jurisdicción, según el Art. 8 de la Ley Sobre Despidos Injustificados, *infra.* El TPI finalizó su dictamen esclareciendo que, el periodo de notificación de 15 días laborables pactado en el contrato no era de aplicación durante el periodo probatorio.

Inconforme con la determinación del foro primario, la Sra. Nelson Rodríguez recurre ante este foro apelativo intermedio mediante recurso de apelación y levanta los siguientes señalamientos de error:

> *"Incidió de forma manifiesta el Tribunal de Primera Instancia como cuestión de hecho y de derecho, al determinar que era que la Apelante estaba bajo un periodo probatorio de empleo al momento de la cancelación de su contrato."*

*"Incidió de forma manifiesta el Tribunal de Primera Instancia como cuestión de hecho y de derecho, al determinar que no medió incumplimiento de contrato según la cláusula de terminación"*

*"Incidió de forma manifiesta el Tribunal de Primera Instancia como cuestión de hecho y de derecho, al desestimar por la vía sumaria la demanda."*

PHSU presentó su "Alegato en Oposición de la Parte Apelada" el 9 de mayo de 2025. Con el beneficio de ambas comparecencias, procedemos a exponer el marco teórico pertinente a la controversia ante nuestra consideración.

## II.

## A.

La sentencia sumaria es un mecanismo procesal provisto por nuestro ordenamiento con el fin de propiciar la solución justa, rápida y económica de pleitos que no contengan controversias genuinas de hechos materiales, y en los cuales resulta innecesaria la celebración de un juicio. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 115 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *Rosado Reyes v. Global Healthcare, supra,* a las págs. 808 y 809.

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho

material.  Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808. Un hecho material es definido como aquel que "puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".  *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129-130 (2012).  Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".  *Íd.,* a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).

La Regla 36.3(a) de Procedimiento Civil, *supra,* dispone que la moción de sentencia sumaria deberá contener:

*1. Una exposición breve de las alegaciones de las partes;*
*2. los asuntos litigiosos o en controversia;*
*3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
*4. una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
*5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
*6. el remedio que debe ser concedido.*

Por su parte, quien se opone a la sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que fue notificada.  Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si ésta no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.  Regla 36.3(e) de Procedimiento Civil, *supra.* Además, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente".  Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c).  De igual forma, deberá relacionar de forma concisa los

párrafos, según enumerados por la parte promovente, que a su juicio están en controversia y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla 36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2); SLG *Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 336 (2021), *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756.

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria. *Const. José Carro v. Mun. Dorado, supra,* a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Nuestro Tribunal Supremo ha expresado que, "el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si en verdad existe una controversia sustancial sobre hechos esenciales y materiales". SLG *Fernández-Bernal v. RAD-MAN et al., supra,* a la pág. 337. No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Nuestro Máximo Foro ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de

primera instancia al revisar solicitudes de sentencia sumaria. *Rosado Reyes v. Global Healthcare, supra*, a la pág. 809. Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario". *Meléndez González et al. v. M. Cuebas, supra*, a la pág. 118. El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el foro primario, ni adjudicar hechos materiales y esenciales en controversia. *Íd.*, a las págs. 114 y 115. Los criterios a seguir por este tribunal, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018). A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*

**B.**

En nuestro ordenamiento jurídico los contratos son fuente de obligación. Art. 1063 del Código Civil de 2020, 31 LPRA sec. 8984. El contrato se define como "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Art. 1230 del Código Civil de 2020, 31 LPRA sec.

9751. Nuestro Código Civil establece que "[e]l contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa". Art. 1237 del Código Civil de 2020, 31 LPRA sec. 9771. Por lo que, para que un contrato se considere válido, es necesario que concurran tres elementos esenciales: (1) consentimiento de los contratantes, (2) objeto cierto y (3) causa de la obligación. *Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 284 (2021). La falta de alguno de ellos será causa de nulidad o anulabilidad del contrato. *Feliciano v. Luxury Hotels Int'l,* 210 DPR 712, 728 (2022).

Una vez la parte presta su consentimiento sobre el objeto y la causa, ésta queda obligada al cumplimiento de la obligación pactada, ya que "[l]o acordado en los contratos tiene fuerza de ley entre las partes". Art. 1233 del Código Civil de 2020, 31 LPRA sec. 9754. Conforme a lo anterior, en Puerto Rico rige el principio de la inalterabilidad del contenido del contrato, también conocido como *pacta sunt servanda,* en virtud del cual las partes contratantes poseen facultad para acordar cualquier tipo de cláusula, siempre y cuando ésta "no sea contraria a la ley, a la moral o al orden público". Art. 1232 del Código Civil de 2020, 31 LPRA sec. 9753. Además, en nuestra jurisdicción permea el principio de la autonomía de la voluntad o libertad de contratación. Por tanto, una persona puede "contratar o no hacerlo, y hacerlo, o no, con determinada persona". *Íd.*

Respecto a la interpretación del negocio jurídico bilateral, como lo es el contrato, si sus términos "son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus palabras". Art. 354 del Código Civil de 2020, 31 LPRA sec. 6342. No obstante, "[s]i las palabras parecen contrarias a la intención evidente de las partes, prevalecerá la intención sobre lo expresado". *Íd.* Ahora bien, nuestro Alto Foro ha manifestado que:

> *[C]uando los términos de un contrato son claros y no dejan dudas sobre la intención de los contratantes, no cabe recurrir a reglas de interpretación, por lo que se está al sentido literal de las cláusulas pactadas. Es decir, se debe seguir y respetar la letra clara del contrato cuando la misma refleja inequívocamente la voluntad de las partes. Cruz, López v. Casa Bella y otros*, 213 DPR 980, 995 (2024).

Por consiguiente, solo es necesario juzgar la intención de los contratantes cuando no sea posible determinar la voluntad de las partes con la mera lectura literal de las cláusulas contractuales. *Íd*. En fin, lo que se procura es el cumplimiento de las promesas contractuales sobre las cuales las partes contratantes otorgaron su consentimiento. *Ramos v. Orientalist Rattan Furnt., Inc.*, 130 DPR 712, 721 (1992). Por lo que, "[u]na vez se determina lo que las partes acordaron, el juzgador debe resolver las controversias entre las partes acorde a lo estipulado". *C.F.S.E. v. Unión de Médicos*, 170 DPR 443, 451 (2007).

Por último, debemos mencionar que, aunque el presente caso trata sobre un incumplimiento de contrato, nuestro ordenamiento jurídico, es específico nuestra Ley Sobre Despidos Injustificados, 29 LPRA sec. 185a *et seq.,* reconoce la validez de los periodos probatorio. *Véase* Art. 8 de 29 LPRA sec. 185h.

### III.

Según expusimos en el tracto procesal reseñado, la apelante acude ante esta Curia a los fines de que revoquemos la "Sentencia" emitida el 21 de marzo de 2025, en la cual se declaró Ha Lugar la "Moción Solicitando se dicte Sentencia por la Vía Sumaria" presentada por la apelada, PHSU. Por tanto, y de conformidad con lo resuelto por nuestro Tribunal Supremo en el caso de *Roldán Flores v. M. Cuebas et al, supra,* pág. 679, nos compete determinar, de manera inicial, si las partes cumplieron con los requisitos necesarios que dimanan de la regla procesal antes mencionada, de modo que podamos entonces considerar las mociones presentadas.

Al examinar la petición de sentencia sumaria presentada por PSHU ante el foro primario, juzgamos que ésta cumplió con las exigencias de la Regla 36.3(a) de Procedimiento Civil, *supra*. Por su parte, el escrito en oposición presentado por la Sra. Nelson Rodríguez también se atuvo a los requisitos recogidos en la Regla 36.3 (b) de las de Procedimiento Civil, *supra.*

Dicho esto, procedemos entonces a evaluar si existen o no controversias sobre hechos materiales que impiden la disposición sumaria del caso ante nos. Verificada la propuesta de hechos incontrovertidos, coincidimos con el análisis del foro primario y, en consecuencia, los hacemos formar parte del presente dictamen.

Lo anterior nos habilita para atender propiamente los errores señalados en el recurso de apelación. Esgrime la parte apelante, que la naturaleza de una cláusula probatoria es permitir la evaluación de un empleado desconocido, sin embargo, el contrato bajo análisis no era el primer contrato que la Sra. Nelson Rodríguez pactó con la apelada, por tanto, la inserción de idéntica cláusula en el contrato posterior fungió como subterfugio para evadir las garantías legales del contrato laboral. A su vez, sostuvo que el incumplimiento con el término de notificación de 15 días laborables vicia la legalidad de la terminación unilateral, ya que vulnera el principio de buena fe contractual. Finalmente, la Sra. Nelson Rodríguez afirmó que no procede disponer del caso por la vía sumaria dado que existe controversia real y sustancial sobre un hecho medular, a saber: su alegado mal desempeño. Lo anterior, ya que obtuvo una calificación de "excelente" en la evaluación aludida, lo que categóricamente contradice las alegaciones de PHSU.

En su "Alegato en Oposición de la Parte Apelada", PHSU arguyó que, el récord demuestra que las partes pactaron clara y expresamente que la apelada podía despedir a la Sra. Nelson

Rodríguez durante el periodo probatorio sin estar obligada a notificar o tener causa para ello. Añadió, que el contrato al que la apelante hace referencia en su primer señalamiento de error que data al 2021 era uno de servicios profesionales que no incluía un periodo probatorio. En cuanto al segundo y tercer señalamiento de error, la apelada argumenta que los términos del contrato son claros, por lo que sus cláusulas se deben interpretar por su sentido literal, entiéndase, que PHSU tenía completa discreción para despedir la apelante por cualquier razón y sin notificación previa.

La controversia medular del caso de marras gira en torno a determinar si PSHU poseía la facultad de despedir, sin más, a la Sra. Nelson Rodríguez. Concluimos que sí la poseía.

La primera sección del contrato de empleo pactado entre las partes lee de la siguiente manera: "D. Probation Period – It is understood and agreed that the first 360 days of employment shall constitute a probationary period during which period **the Employer may, in its absolute discretion, terminate the Employee's employment, for any reason without notice or cause**". (Énfasis suplido).

Leída la cláusula, es incuestionable la claridad de su texto. Éste no deja espacio para ambigüedades ni confusión, pues su única interpretación es que PSHU podía, a su absoluta discreción, terminar el empleo de la Sra. Nelson Rodríguez durante los primeros 360 días de su empleo, por cualquier motivo sin previo aviso ni causa. Este es el lenguaje al cual consintió libremente tanto PSHU como la Sra. Nelson que, según discutimos en el acápite de derecho aplicable, se convirtió en la ley entre las partes, cobrando entera eficacia.

Ahora bien, la apelante argumenta que el periodo probatorio en el contrato de empleo es el segundo periodo probatorio pactado

entre las partes, lo cual fungió como subterfugio para evadir las garantías legales del contrato laboral. No le asiste la razón.

Examinado el primer contrato pactado entre las partes en el 2021, tenemos que coincidir con los argumentos de PHSU, y reconocer que dicho negocio jurídico era uno de servicios profesionales, no de empleo, y que este carecía de una cláusula estableciendo un periodo probatorio, convirtiendo el señalamiento de error en uno sin méritos.

La Sra. Nelson Rodríguez sostuvo, además, que PHSU incumplió con otra cláusula del contrato, esta vez, con el requisito de notificación de 15 días previo a la resolución del contrato. Resolvemos que tampoco le asiste la razón. Veamos el texto de la cláusula en controversia:

> *E. Termination: Both Parties will inform in writing not later than Fifteen (15) working days if there [is] no intent to renew the contract after the date of expiration. In case any of the parties decides to terminate their contract before its expiration, the party must notify in writing at least Fifteen (15) working days prior to the contract termination.*

Contrario a lo que aduce la apelante, PHSU no venía obligada a cumplir con la exigencia estipulada en la cláusula examinada. Cuando se leen ambas disposiciones en conjunto, resulta lógico razonar que la exigencia de la notificación entra en vigor una vez culminado el periodo probatorio. Concluir lo contrario iría en contra del propósito de dicha cláusula, pues el periodo probatorio fue diseñado para liberar al patrono de ofrecer ciertas protecciones a sus empleados, tal como una debida notificación previo a un despido.

En vista de lo resuelto, prescindimos de la discusión del tercer señalamiento de error. Es decir, resulta innecesario examinar si el TPI erró al concluir que PSHU logró demostrar de manera incontrovertible que la apelante incumplió con sus funciones y deberes como profesora, toda vez que, como ya

demostramos, PHSU tenía la discreción para despedir la Sra. Nelson Rodríguez sin causa ni notificación. Lo único que se tenía que probar era el hecho de que el despido ocurrió dentro de los primeros 360 días de su empleo, lo cual aconteció, dado que el contrato entró en vigor el 22 de febrero de 2022, y el despido fue efectivo el 1 de febrero de 2022.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, confirmamos la "Sentencia" apelada, emitida el 21 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones